UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DANIEL L. RITTNER, SR., | ) | CASE NO. 3:05 CV 7188 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| JAMES BAKER, M.D., <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

On April 21, 2005, plaintiff <u>pro se</u> Daniel L. Rittner, Sr. filed the above-captioned action under 42 U.S.C. § 1983 against Allen Correctional Institution ("ACI") Physician James Baker, ACI Health Care Administrator Christie Barkimer, ACI Deputy Warden Jodie Factor, and ACI Institutional Inspector. In the complaint, plaintiff alleges the defendants were deliberately indifferent to his serious medical needs. He seeks compensatory and punitive damages.

*Background*

Mr. Rittner claims that he suffered from a number of medical problems that were not properly diagnosed or treated by ACI medical staff. He indicates he was prescribed the psychotropic drug Serzone by the Ohio Department of Rehabilitation and Correction ("ODRC") psychiatrist Sandra Vonderembse, M.D. He indicates he took the medication regularly for two years, during which time he experienced serious and painful side effects. He claims that he complained to Dr. Baker about these side effects on many occasions and was told he had "restless leg syndrome, mild arthritis, and fibromyalgia" for which nothing further could be done. In July 2001, Mr. Rittner stopped taking Serzone against the

recommendations of his physicians. He claims the symptoms abated within 48 hours.

Mr. Rittner also contends that Serzone caused him to develop cataracts. He indicates it took 3 years to complete the cataract surgery due to a "cervical spinal disectomy" which was discovered while Mr. Rittner was on the operating table. (Compl. at 7.) He states his requests for treatment with medication, ace bandages, hot baths, ice packs, and use of a cane were denied by Health Care Administrator Christie Barkimer. He claims he was blind for 13 months and then experienced a delay in receiving his glasses.

In addition to these medical problems, Mr. Rittner was also losing weight. He states that he complained of the weight loss but did not receive a proper diagnosis for several months. He claims he was eventually told he had "a wasting disease, ie. muscular dystrophy." (Compl. at 9.) He contends Dr. Baker failed to conduct a blood test that would have led to an earlier diagnosis.

Finally, Mr. Rittner briefly mentions several other health care concerns which he believes are not being properly addressed. He indicates that he has not received treatment for a seizure disorder from which he has suffered since childhood. He also states he was diagnosed with a neurological disorder before entering prison and has been requesting neurosurgery since 2001. He claims that an ACI physician became sexually aggressive toward him in 1977. He indicates he reported the attack to prison authorities but no action was taken by the institution.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104

(6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Furthermore, the United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, all of the claims in a complaint which are subject to the requirements of §1997e must be exhausted prior to filing the civil action, or the district court is required to dismiss the complaint in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for

3

administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden or Institutional Inspector must be filed directly to the office of the Chief Inspector within thirty calendar days of the event giving rise to the complaint and must show that the Warden or Institutional Inspector was personally and knowingly involved in the actions giving rise to the violation. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Mr. Rittner has not demonstrated that he exhausted his administrative remedies with respect to each claim against each defendant. He attaches six grievance forms, all relating to the assessment of a medical co-pay fee for a particular office visit. None of the forms concern the issues raised in the complaint. In the body of the complaint, Mr. Rittner attempts to satisfy the exhaustion requirement by claiming he "was hard pressed to file his grievances and was intimidated in doing so. Barkimer was the prime contributor to the intimidation and Moore and Factor simply play the active part by referral until the inmate tires of his attempts to follow the exhaustive administrative procedures and the procedures are exhaustive." (Compl. at 9.) While it is true that an inmate satisfies the mandates of §

4

1997e if he files a grievance and is prevented by prison staff from completing the grievance process, see Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (2004), he must set forth such allegations with specificity. He must describe the particular grievance he filed, the content of the grievance, against whom it was filed, to whom it was filed, and the particular response it received, if any. A blanket statement that he found the grievance process to be "exhaustive" will not suffice. Moreover, grievances against the Institutional Inspector are filed directly to the Chief Inspector and would not be hindered by the Health Care Administrator or other personnel of the institution. Because Mr. Rittner has not demonstrated total exhaustion of his administrative remedies, this complaint must be dismissed

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

S/ DAVID A. KATZ  7/28/05

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.